

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy Sansing
County Attorney
Lipscomb County
Higgins, Texas

Dear Sir:

Opinion No. O-1849
Re: Compensation for ex-officio
services for county attorney
on a fee basis.

Your request for an opinion of this department on the questions as herein stated has been received.

Your letter reads in part as follows:

"I am County Attorney of Lipscomb County, having been re-elected in 1938, without opposition. I have a brother-in-law who was also elected as one of the County Commissioners of this County. The fees of office as County Attorney in this County are not sufficient to warrant anyone holding office, without compensation for ex-officio services. By an order made by a unanimous vote of the Commissioners' Court in January, 1939, the Commissioners allowed me $40.00 per month, for ex-officio services, and further provided that I might retain the fees allowed by law so long as the total of my fees and the $40.00 per month did not exceed the maximum compensation allowed by law for the office of County Attorney. I am very well satisfied with the laws in question, but in view of the fact that it involves me personally, and I want to be fair with the Commissioners' Court, I would like to have your opinion on the following questions:

"1. Can a Commissioners' Court allow a county attorney compensation for ex-officio services in a county whose population is about 5000, and also allow him to retain the fees of office, provided by law, if the total of the compensation

for ex-officio services and the fees allowed
by law do not exceed $2400.00 per year.

"2. Would the Commissioners Court of a
county with approximately 5000 population, one
member of which is a brother-in-law to the Coun-
ty Attorney, violate the nepotism law by voting
to allow the County Attorney, elected by the
people of the County, compensation for ex-officio
services, together with fees allowed by law,
provided the sum of the two items would not ex-
ceed $2400.00 per year?"

According to the last Federal Census Lipscomb
County has a population of four thousand five hundred and
twelve (4,512) inhabitants; and the county officials of
said county are compensated on a fee basis.

Articles 3883 and 3891 and Vernon's Annotated
Civil Statutes, reads in part as follows:

"Article 3883. Except as otherwise pro-
vided in this Act, the annual fees that may be
retained by precinct, county and district of-
ficers mentioned in this Article shall be as
follows:

"1. In counties containing twenty five
(25,000) thousand or less inhabitants: County
Judge, District or Criminal District Attorney,
Sheriff, County Clerk, County Attorney, District
Clerk, Tax Collector, Tax Assessor, or the As-
sessor, or the Assessor and Collector of Taxes,
Twenty-four Hundred ($2400.00) Dollars each;
Justice of the Peace and Constable, Twelve Hun-
dred ($1200.00) Dollars each.

". . ."

"Article 3891. Each officer named in this
Chapter shall first out of the current fees of
his office pay or be paid the amount allowed
him under the provisions of Article 3883, to-
gether with the salaries of his assistants and
deputies, and authorized expenses under Article
3899, and the amount necessary to cover costs
of premium on whatever surety bond may be requir-
ed by law. If the current fees of such office

collected in any year be more than the amount
needed to pay the amounts above specified, same
shall be deemed excess fees, and shall be dis-
posed of in the manner hereinafter provided.

"In counties containing twenty-five thou-
sand (25,000) or less inhabitants, District and
County officers named herein shall retain one-
third of such excess fees until such one-third,
together with the amounts specified in Article
3883, amounts to Three Thousand Dollars ($3,000).
Precinct officers shall retain one-third until
such one-third, together with the amount specified
in Article 3883, amounts to Fourteen Hundred Dol-
lars ($1400).

". . . ."

Article 3895, Vernon's Annotated Civil Statutes,
provides that:

"The Commissioners' Court is hereby de-
barred from allowing compensation for ex-officio
services to county officials when the compensa-
tion and excess fees which they are allowed to
retain shall reach the maximum provided for in
this chapter. In cases where the compensation
and excess fees which the officers are allowed
to retain shall not reach the maximum provided
for in this chapter, the Commissioners' Court
shall allow compensation for ex officio services
when, in their judgment, such compensation is
necessary, provided, such compensation for ex
officio services allowed shall not increase the
compensation of the official beyond the maximum
of compensation and excess fees allowed to be
retained by him under this chapter. Provided,
however, the ex officio herein authorized shall
be allowed only after an opportunity for a pub-
lic hearing and only upon the affirmative vote
of at least three members of the Commissioners'
Court."

In answer to your first question you are respect-
fully advised that where a county attorney is compensated
on a fee basis and the compensation and excess fees which
he is allowed to retain does not reach the maximum provided

for by Article 3883 and Article 3891, supra, the commissioners' court may allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed do not increase the compensation of said county attorney beyond the maximum of compensation and excess fees allowed to be retained by him under the two above-mentioned statutes. Provided, the ex officio as authorized by Article 3895, supra, shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the commissioners' court.

Regarding your second question, we call your attention to Articles 432 and 433 of the Penal Code, which read as follows:

"No officer of this State of any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree of consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

"Article 433. The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, members of the Legislature,

Honorable Roy Sansing, Page 5

Honorable Roy Sansing, Page 5

mayors, commissioners, recorders, aldermen and
members of school boards of incorporated cities
and towns, public school trustees, officers and
members of boards of managers of the State Univer-
sity and of its several branches, and of the vari-
ous State educational institutions and of the
various State eleemosynary institutions, and of
the penitentiaries. This enumeration shall not
be held to exclude from the operation and effect
of this law any person included within its gener-
al provisions."

It will be noted that Articles 432 and 433 of the
Penal Code, supra, apply to the appointment, or voting for,
or confirming the appointment to any office, position, clerk-
ship, employment or duty of any person related within the
prohibited degree to the person so appointing or so voting,
or to any other member of any such board, the Legislature,
or court which such person so appointing or voting may be
a member, when the salary, fees, or compensation of such
appointee is to be paid for, directly or indirectly, out of
or from public funds or fees of office of any kind or char-
acter. These statutes do not relate to the fixing of
salaries or to the commissioners' court in allowing compen-
sation for ex officio services under Article 3895, supra,
for county officials where such officials are duly elected.

You are respectfully advised that it is the opin-
ion of this department that there would be no violation of
the nepotism statutes where the commissioners' court allow-
ed compensation for ex officio services to the county attor-
ney who was duly elected, when one member of the commission-
ers' court is a brother-in-law to the county attorney.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY Ardell Williams

Ardell Williams
Assistant

APPROVED JAN 22, 1940

AW:LM

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE